RECEIVED
DEC 1 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| JOHN BARRY STROTHER | CIVIL ACTION NO. 05-1042-P |
|---|---|
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA MICHAEL | MAGISTRATE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner John Barry Strother ("Petitioner"), pursuant to 28 U.S.C. Section 2254. This petition was received and filed in this Court on June 16, 2005. On July 14, 2005, Petitioner filed a motion to withdraw his petition which this Court granted on July 15, 2005. On September 14, 2005, Petitioner filed a motion to reopen/reinstate which this Court granted on September 19, 2005. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names Warden Venetia Michael as respondent.

Petitioner claims that on January 30, 2002, he pleaded guilty to one count of

manslaughter in Louisiana's First Judicial District Court, Parish of Caddo. He claims he was sentenced to 20 years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) the indictment was invalid, (2) his guilty plea was obtained in violation of a sanity commission issue, (3) he received ineffective assistance of counsel and (4) his guilty plea was invalid.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## **LAW AND ANALYSIS**

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on January 30, 2002. Petitioner did not seek direct review of his conviction and sentence. Thus, Petitioner's conviction and sentence became final in March 2002. See La. C.Cr.P. art. 914.

The federal petition currently before the Court was received and filed in this Court on June 16, 2005 and signed by Petitioner on June 7, 2005. Since the federal clock began ticking in March 2002 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before March 2003. This petition was not filed until June 2005 at the earliest, more than four years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve

to toll the one-year limitation period as they were not filed within the one-year period.[2] See supra footnote 1. Petitioner filed an application for post-conviction relief in the Louisiana First Judicial District Court in January 2004. These post-conviction proceedings continued until the Supreme Court of Louisiana denied writs on April 22, 2005. State ex rel. Strother v. State, 2004-1565 (La. 4/22/05), 899 So.2d 565. Petitioner also filed a motion to quash in the Louisiana First Judicial District Court in April 2005. Review of these proceedings continued until the Supreme Court of Louisiana denied writs on August 19, 2005. State ex rel. Strother v. State, 2004-2402 (La. 8/19/05). To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his state post-conviction application until January 2004 and his motion to quash until April 2005, which was after the limitation period had already expired in March 2003.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

---

[2] The motions for discovery and production of documents filed by Petitioner in 2001 and 2002 do not serve to toll the one-year limitation period as they do not constitute an application for State post-conviction or other collateral review since they do not challenge the judgment pursuant to which Petitioner is incarcerated. See Moore v. Cain, 298 F.3d 361 (5th Cir. 7/11/02).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of December 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC:SMH