U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN - 4 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JOHN BARRY STROTHER | CIVIL ACTION NO. 05-1042-P |
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA MICHAEL | MAGISTRATE HORNSBY |

## J U D G M E N T

Before the Court is a Report and Recommendation from the Magistrate Judge that Petitioner's application for writ of habeas corpus be denied and dismissed with prejudice, sua sponte, because it is time-barred by the one-year limitation period imposed by the AEDPA. [Doc. No. 8] Petitioner has filed an objection to that Report and Recommendation [Doc. No. 9], arguing in part that his conviction did not become final in March 2002 because pursuant to La.C.Cr.P. art. 930.8, he had two years in which to file for post-conviction relief, and noting that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under 28 U.S.C. Section 2244(d).

Section 2244 provides in no uncertain terms that the one-year period within which a federal habeas petition must be filed begins at "the conclusion of direct review" of the judgment of conviction. See 28 U.S.C. § 2244(d)(1)(A). It further provides that the running of this period is *suspended* for the time that a state post-conviction proceeding "is

pending." 28 U.S.C. § 2244(d)(2)(emphasis added). Upon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes. However, where, as here, the one year period (which commences upon the conclusion of **direct** review) expires before an application for state post-conviction relief is ever made, the application does not serve to "re-start" the one-year period. See Salinas v. Dretke, 354 F.3d 425; (5th Cir. 2004); Bethea v. Girdich, 293 F.3d 577 (2d Cir. 2002).

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including written objections filed by Petitioner, and determining that the findings are correct under the applicable law;

**IT IS ORDERED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time-barred by the one-year limitation period imposed by the AEDPA.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 4th day of January, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE